**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TYLER HENSLEY,

Plaintiff,

v. CASE NO.:

EQUIFAX INFORMATION SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC and TCM BANK, N.A.,

Defendants.
_________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Tyler Hensley (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, Equifax Information Services LLC (hereinafter "Equifax"); Experian Information Solutions, Inc. (hereinafter "Experian"); Trans Union LLC (hereinafter "Trans Union"); and TCM Bank, N.A. (hereinafter "TCM") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted that "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy." Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District because Defendant TCM Bank, N.A. maintains its main office and principal place of business in Hillsborough County, Florida, within this District; the inaccurate account information giving rise to Plaintiff's claims was furnished from this District; and Defendants transact business within this District. Plaintiff is a natural person residing in Cumberland, Kentucky.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

12. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13. Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Rd, Plantation, Florida 33324.

14. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

15. Experian disburses such consumer reports to third parties under contract for monetary compensation.

16. Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

18. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19. TCM is a national banking association with its main office located at 3501 E. Frontage Road, Suite 200, Tampa, Florida 33607.

20. TCM is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

21. TCM furnished information about Plaintiff to Equifax, Experian, and Trans Union that was inaccurate.

## FACTUAL ALLEGATIONS

22. Plaintiff has maintained a credit account (the "Account") with an original opening date of, on or about February 21, 2014, which was serviced for over a decade by Commercial Bank and remained in good standing without any derogatory marks.

23. In or around September 2025, without any act or omission by Plaintiff, the Account was transitioned from Commercial Bank to TCM Bank, N.A.

24. Immediately following the transition, Plaintiff continued to make his regular monthly payments of $100.00 in a timely manner and has documentation substantiating that each of these payments was timely submitted.

25. Unbeknownst to Plaintiff, TCM's own systems repeatedly failed to properly process Plaintiff's timely payments and instead silently returned them,

including a $250.00 payment returned on or about December 8, 2025, without TCM ever notifying Plaintiff that any payment had been rejected or returned.

26. As a direct result of TCM's internal processing failures occurring during and immediately after the transition of the Account, TCM furnished information to Equifax, Experian, and Trans Union reporting the Account as 30 and 60 days past due for the months of October and November 2025.

27. Plaintiff never received any letter, notice, or telephone call from TCM advising him that his payments had failed to process or that the Account would be reported as delinquent.

28. Upon discovering the derogatory marks on his credit reports, Plaintiff immediately contacted TCM, which acknowledged that the late payment reporting was the result of an error occurring during or after the transition of the Account from Commercial Bank.

29. On or about December 10, 2025, Plaintiff again contacted TCM by telephone to address the erroneous late payment reporting.

30. Plaintiff submitted a complaint to the Office of the Comptroller of the Currency (the "OCC") regarding TCM's mishandling of the Account and received a written response on April 17, 2026.

31. On or about June 16, 2026, Plaintiff mailed through USPS detailed written disputes to Equifax, Experian (9590 9402 3203 7166 1234 62), and Trans

Union, disputing the accuracy of the derogatory 30- and 60-day late payment marks furnished by TCM and providing documentation demonstrating that his payments had been timely made and that TCM had already acknowledged its own processing error.

32. Upon information and belief, Equifax, Experian, and Trans Union forwarded Plaintiff's disputes to TCM for verification.

33. On or about July 13, 2026, Equifax provided Plaintiff the results of its reinvestigation, updating the reported balance of the TCM tradeline but leaving the inaccurate 30- and 60-day late payment marks unchanged.

34. On or about July 17, 2026, Trans Union provided Plaintiff the results of its reinvestigation, likewise updating only the reported balance while leaving the inaccurate late payment marks unchanged.

35. On or about July 28, 2026, Experian provided Plaintiff the results of its reinvestigation, again updating only the reported balance while leaving the inaccurate late payment marks unchanged.

36. Despite the substantial documentation provided by Plaintiff — including TCM's own acknowledgment of its processing error, transaction records showing the silently returned payments and proof of Plaintiff's otherwise unblemished twelve-year payment history — none of the CRAs corrected or deleted the inaccurate late payment marks.

37. Equifax, Experian, and Trans Union failed to conduct any independent, reasonable investigation into Plaintiff's disputes and instead merely parroted the inaccurate information verified by TCM.

38. On or about August 12, 2026, Plaintiff mailed through USPS a second round of detailed written disputes to Equifax (9407 1111 0549 5834 1313 31), Experian (9407 1111 0549 5834 1310 10), and Trans Union (9407 1111 0549 5834 1313 79), again disputing the accuracy of the derogatory late payment marks and provided both personal documents such as his driver's license and W-2 Form to prove his identity, as well as statements showing where the payments were originally properly made.

39. As of the filing of this Complaint, Plaintiff has not received the results of his second round of disputes, and upon information and belief, Equifax, Experian, and Trans Union continue to report the Account with the same inaccurate derogatory marks.

40. Upon information and belief, after being notified of Plaintiff's disputes by the CRAs, TCM failed to conduct any reasonable reinvestigation and instead continued to verify its own erroneous information as accurate rather than correct its internal records.

41. No further derogatory marks have been reported on the Account since November 2025, further corroborating that the two late payment marks were the

product of TCM's internal processing errors during the account transition, and not the result of any conduct by Plaintiff.

42. As a direct and proximate result of Defendants continued inaccurate reporting, Plaintiff had a credit card account cancelled due to being deemed a higher credit risk, and has been repeatedly delayed and hindered in his attempts to obtain a mortgage loan.

43. Plaintiff continues to suffer as of the filing of this Complaint due to Defendants' failure to conduct a reasonable investigation or otherwise correct Plaintiff's credit file, despite twelve years of otherwise perfect payment history on the Account.

44. At any point during this process, had the Defendants conducted a reasonable investigation in response to Plaintiff's disputes, the results would have been different.

45.Other individuals have lodged complaints similar to the Plaintiff's in this matter, including direct complaints, CFPB complaints, FTC complaints, and via lawsuits.

46. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i. Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time, Plaintiff's attempts to correct her credit file has resulted in fees and costs;

ii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

iii. Reduction in credit score as the Defendants failed to properly investigate the disputed information;

iv. Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score;

v. Defamation and Plaintiff's information has been published to third parties including but not limited to MyFICO to calculate Plaintiff's credit score.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Equifax Information Services LLC (Negligent)

47. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

48. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

49. Equifax allowed a furnisher, such as TCM Bank to report inaccurate and erroneous late payment information to Plaintiff's credit file.

50. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or to contact witnesses with knowledge of the dispute.

51. Equifax selects to just parrot the information verified by the Furnisher and to avoid conducting re-investigation.

52. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

53. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress;; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

54. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

55. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, TYLER HENSLEY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

## COUNT II
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

56. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

57. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

58. Equifax allowed TCM Bank, a furnisher, to report inaccurate and erroneous late payment information to Plaintiff's credit file.

59. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or to contact witnesses with knowledge of the dispute.

60. Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

61. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

62. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

63. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

64. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, TYLER HENSLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

**COUNT III**
**Violation of 15 U.S.C. § 1681i as to**

**Defendant, Equifax Information Services LLC (Negligent)**

65. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

66. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in his disputes; and (v) relying upon verification from a source Equifax knew or should have known was unreliable.

67. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct an independent investigation into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

68. Plaintiff provided Equifax with the information it needed to confirm that the 30- and 60-day late payment marks on the TCM Bank tradeline were inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into Plaintiff's disputes or otherwise correct Plaintiff's credit file.

69. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

70. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

71. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, TYLER HENSLEY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

72. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

73. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in his disputes; and (v) relying upon verification from TCM Bank, a source Equifax knew or should have known was unreliable.

74. Despite the large amount of information and documentation provided by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct an independent investigation into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

75. Plaintiff provided Equifax with the information it needed to confirm that the 30- and 60-day late payment marks on the TCM Bank tradeline were inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into Plaintiff's disputes or otherwise correct Plaintiff's credit file.

76. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and

apprehension in applying for credit and the damages otherwise outlined in this Complaint.

77. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

78. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, TYLER HENSLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

## COUNT V
**Violation of 15 U.S.C. § 1681e(b) as to Defendant, Experian Information Solutions, Inc. (Negligent)**

79. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

80. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

81. Experian allowed TCM Bank, a furnisher, to report inaccurate and erroneous late payment information to Plaintiff's credit file.

82. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or to contact witnesses with knowledge of the dispute.

83. Experian selects to just parrot the information verified by the Furnisher rather than conduct an independent and reasonable investigation.

84. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

85. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

86. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

87. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, TYLER HENSLEY, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

**COUNT VI**
**Violation of 15 U.S.C. § 1681e(b) as to Defendant, Experian Information Solutions, Inc. (Willful)**

88. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

89. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

90. Experian allowed TCM Bank, a furnisher, to report inaccurate and erroneous late payment information to Plaintiff's credit file,.

91. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or to contact witnesses with knowledge of the dispute.

92. Experian selects to just parrot the information verified by the Furnisher rather than conduct an independent and reasonable investigation.

93. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

94. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

95. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

96. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, TYLER HENSLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

## COUNT VII
**Violation of 15 U.S.C. § 1681i as to**

**Defendant, Experian Information Solutions, Inc. (Negligent)**

97. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

98. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in his disputes; and (v) relying upon verification from TCM Bank, a source Experian knew or should have known was unreliable given TCM Bank's own admitted processing error.

99. Despite the large amount of information and documentation provided by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct an independent investigation into Plaintiff's disputes and simply deferred to TCM Bank's verification of its own erroneous information.

100. Plaintiff provided Experian with the information it needed to confirm that the 30- and 60-day late payment marks on the TCM Bank tradeline were inaccurate. Experian ignored this information and failed to conduct a thorough investigation into Plaintiff's disputes or otherwise correct Plaintiff's credit file.

101. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

102. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

103. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, TYLER HENSLEY, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

**COUNT VIII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

104. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

105. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in his disputes; and (v) relying upon verification from TCM Bank, a source Experian knew or should have known was unreliable given TCM Bank's own admitted processing error.

106. Despite the large amount of information and documentation provided by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct an independent investigation into Plaintiff's disputes and simply deferred to TCM Bank's verification of its own erroneous information.

107. Plaintiff provided Experian with the information it needed to confirm that the 30- and 60-day late payment marks on the TCM Bank tradeline were inaccurate. Experian ignored this information and failed to conduct a thorough investigation into Plaintiff's disputes or otherwise correct Plaintiff's credit file.

108. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress;

and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

109. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

110. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, TYLER HENSLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

**COUNT IX**
**Violation of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Negligent)**

111. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

112. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

113. Trans Union allowed TCM Bank, a furnisher, to report inaccurate and erroneous late payment information to Plaintiff's credit file, despite information reasonably available to Trans Union showing that the reported delinquency resulted from TCM Bank's own internal processing error occurring during the transition of the Account.

114. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or to contact witnesses with knowledge of the dispute.

115. Trans Union selects to just parrot the information verified by TCM Bank rather than conduct an independent and reasonable investigation.

116. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

117. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

118. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

119. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, TYLER HENSLEY, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

**COUNT X**
**Violation of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Willful)**

120. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

121. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

122. Trans Union allowed TCM Bank, a furnisher, to report inaccurate and erroneous late payment information to Plaintiff's credit file, despite information

reasonably available to Trans Union showing that the reported delinquency resulted from TCM Bank's own internal processing error occurring during the transition of the Account.

123. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or to contact witnesses with knowledge of the dispute.

124. Trans Union selects to just parrot the information verified by TCM Bank rather than conduct an independent and reasonable investigation.

125. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

126. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

127. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

128. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, TYLER HENSLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

**COUNT XI**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

129. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

130. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in his disputes; and (v) relying upon verification from TCM Bank, a source Trans Union knew or should have known was unreliable given TCM Bank's own admitted processing error.

131. Despite the substantial documentation provided by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct an independent investigation into Plaintiff's disputes and simply deferred to TCM Bank's verification of its own erroneous information.

132. Plaintiff provided Trans Union with the information it needed to confirm that the 30- and 60-day late payment marks on the TCM Bank tradeline were inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into Plaintiff's disputes or otherwise correct Plaintiff's credit file.

133. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

134. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

135. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, TYLER HENSLEY, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

**COUNT XII**
**Violation of 15 U.S.C. § 1681i as to Defendant, Trans Union LLC (Willful)**

136. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

137. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in his disputes; and (v) relying upon verification from TCM Bank, a source Trans Union knew or should have known was unreliable given TCM Bank's own admitted processing error.

138. Despite the large amount of information and documentation provided by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct

an independent investigation into Plaintiff's disputes and simply deferred to TCM Bank's verification of its own erroneous information.

139. Plaintiff provided Trans Union with the information it needed to confirm that the 30- and 60-day late payment marks on the TCM Bank tradeline were inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into Plaintiff's disputes or otherwise correct Plaintiff's credit file.

140. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

141. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

142. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, TYLER HENSLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant,

TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

**COUNT XIII**
**Violation of 15 U.S.C. § 1681s-2(b) as to Defendant, TCM Bank, N.A. (Negligent)**

143. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

144. TCM furnished inaccurate account information to Equifax, Experian, and Trans Union, and through those CRAs to Plaintiff's potential lenders.

145. After receiving Plaintiff's disputes, TCM violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous 30- and 60-day late payment marks; (ii) failing to review all relevant information regarding same, including its own transaction records showing that Plaintiff's payments had been silently returned without notice; (iii) failing to accurately respond to Equifax, Experian, and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information to the consumer reporting agencies.

146. Plaintiff provided all the relevant information and documents necessary for TCM to have identified that the 30- and 60-day late payment marks were

erroneous, including TCM's own prior acknowledgment that the reporting resulted from an error during the transition of the Account.

147. TCM knowingly chose to follow procedures which did not review, confirm, or verify that the reported late payment marks were accurate.

148. TCM violated 15 U.S.C. § 1681s-2(b) by continuing to verify and stand behind the inaccurate information it furnished to Equifax, Experian, and Trans Union after it had been notified of, and had itself acknowledged, the inaccuracy of that information.

149. As a result of this conduct, action, and inaction of TCM, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

150. The conduct, action, and/or inaction of TCM was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

151. Plaintiff is entitled to recover costs and attorney's fees from TCM in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, TYLER HENSLEY, respectfully requests that this Court award actual damages against Defendant, TCM BANK, N.A.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

**COUNT XIV**
**Violation of 15 U.S.C. § 1681s-2(b) as to Defendant, TCM Bank, N.A. (Willful)**

152. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

153. TCM furnished inaccurate account information to Equifax, Experian, and Trans Union, and through those CRAs to Plaintiff's potential lenders.

154. After receiving Plaintiff's disputes, TCM violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous 30- and 60-day late payment marks; (ii) failing to review all relevant information regarding same, including its own transaction records showing that Plaintiff's payments had been silently returned without notice; (iii) failing to accurately respond to Equifax, Experian, and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information to the consumer reporting agencies.

155. Plaintiff provided all the relevant information and documents necessary for TCM to have identified that the 30- and 60-day late payment marks were erroneous, including TCM's own prior acknowledgment that the reporting resulted from an error during the transition of the Account.

156. TCM knowingly chose to follow procedures which did not review, confirm, or verify that the reported late payment marks were accurate.

157. TCM violated 15 U.S.C. § 1681s-2(b) by continuing to verify and stand behind the inaccurate information it furnished to Equifax, Experian, and Trans Union after it had been notified of, and had itself acknowledged, the inaccuracy of that information.

158. As a result of this conduct, action, and inaction of TCM, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint..

159. The conduct, action, and/or inaction of TCM was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

160. Plaintiff is entitled to recover costs and attorney's fees from TCM in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, TYLER HENSLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TCM BANK, N.A.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoin further violations of these parts; and grant all such additional relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, TYLER HENSLEY, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC and TCM BANK, N.A., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 14th day of September, 2026.

Respectfully submitted,

/s/ Octavio Gomez
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

/s/Frank H. Kerney, III.
Frank H. Kerney, III, Esq.
Florida Bar #:88672
Tennessee Bar #: 035859
Cell: (813)951-8278
Facsimile: (844)951-3933
Primary Email:
Frank@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*